UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER** |
| v. | 12-CR-00209-WMS-JJM |
| JOSHUA WELLER, | |
|                Defendant. | |

_____

Defendant Joshua Weller is charged in a three-count Indictment [1][1] with conspiracy to distribute and distributing substances containing 3,4-methylenedioxy-methamphetamine ("MDMA") and ketamine, in violation of 21 U.S.C. §846, conspiracy to import MDMA and ketamine into the United States, in violation of 21 U.S.C. §963, and conspiracy to launder money, in violation of 18 U.S.C. §1956(h).[2] Before me is Weller's motion for a bill of particulars [20].[3] Oral argument was held on March 28, 2013. For the following reasons, the motion is denied.

**ANALYSIS**

Weller seeks various forms of particularization as to each of count of the Indictment, including when he is alleged to have joined the conspiracy, each individual he is alleged to have had an agreement with concerning the conspiratorial goal, the identities of the

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     The Indictment [1] also contains a forfeiture allegation.

[3]     The parties agreed at the March 28, 2013 proceeding that all issues raised in Weller's pretrial motion [16], other than his motion for a bill of particulars, were withdrawn [27]. At that time, I also ordered that unless Weller advised me that his motion for a bill of particulars was withdrawn, that this motion would be taken under advisement on April 29, 2013. Id.

unindicted co-conspirators, the alleged quantities of MDMA and ketamine allegedly attributable to him, the amount of money laundered, and manner in which the money was allegedly laundered. Schwartz Affirmation [16], ¶¶5(a)-(n). He argues that he requires this information "in order to adequately prepare a defense and avoid surprise at trial." Id., ¶4. The government opposes the motion, arguing, *inter alia*, that "defendant offers . . . no specific facts or reasons, let alone legal authority, to justify a finding that further particularization is necessary in this case to prevent their unfair surprise or to preclude a later prosecution barred by double jeopardy." Government's Response [20], p. 3. I agree with the government.

A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States v. Persico, 621 F.Supp. 842, 868 (S.D.N.Y. 1985). "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

"Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F. 2d 1141, 1148 (2d Cir. 1984). However, "before a court will order the Government to provide a bill of particulars, the defendant *must* make a 'particularized showing of need' for the information." United States v. Gonzalez, 1994 WL 689065, *2 (S.D.N.Y. 1994) (emphasis added). *See* United States v. Anguiera, 2012 WL

1232096, *2 (W.D.N.Y. 2012) (Scott, M.J.) ("While it is within this Court's sound discretion to order the filing of a Bill of Particulars, . . . the burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights").

Weller's generalized assertion of need is insufficient to establish his entitlement to a bill of particulars. A "claim that the information should be provided so that [the defendant] may 'defend herself' does not constitute the 'particularized showing of need' that is required in this circuit to warrant an order directing the government to submit a bill of particulars. [The defendant] does not allege, for example, that the language of the indictment is so vague that she does not have adequate notice of the charges against her." Gonzalez, 1994 WL 689065, *2. Weller also fails to cite any case law supporting his entitlement to a bill of particulars. Under these circumstances, Weller's motion for a bill of particulars is denied.

## CONCLUSION

For these reasons, Weller's motion for a bill of particulars [16] is denied. The parties shall contact Judge Skretny's chambers to schedule further proceedings.

**SO ORDERED**.

Dated: May 3, 2013

/s/ Jeremiah J. McCarthy  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge